# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES VAN WINKLE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-1986 |
| | § | |
| JSCP, LLC., *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for default judgment filed by plaintiff James Van Winkle. Dkt. 24. Defendant Fishtales-Catfish and Shrimp, LLC ("Fishtales") did not respond. Having considered the motion and applicable law, the court is of the opinion that the motion should be DENIED.

## I. BACKGROUND

This is an American with Disabilities Act ("ADA") case. On or about March 29, 2017, Van Winkle visited Fishtales's main place of business, located at 20126 Loop 494, New Caney, Texas 77357 (the "Subject Premises"), to conduct business and encountered architectural barriers to access the premises. Dkt. 1 at 2. Specifically, Van Winkle alleges the following:

1. He could not traverse through areas of the store because the required thirty-six inch path was obstructed by objects and merchandise. *Id.* at 6.
2. The seating provided at the facility does not comply with the standards prescribed in Section 4.32 of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Sections 226 and 902 of the 2010 ADA Standards. *Id.*
3. There are permanently designated interior spaces without proper signage. *Id.*
4. He could not transfer to the toilet without assistance because the grab bars were not at the required locations. *Id.* at 7.
5. He had difficulty using the toilet without assistance because it is not mounted at the required distance from the side wall. *Id.*

6.      He could not use the soap bottle, located in the restroom, without assistance because it requires a tight grasp to operate. *Id.*

7.      He could not use the restroom mirror because it was mounted too high. *Id.*

8.      He could not transfer to the toilet without assistance because a trash can obstructed the clear floor space. *Id.*

9.      He could not use the paper towel dispenser without assistance because it was mounted too high. *Id.*

10.     He could not exit the restroom without assistance because the required maneuvering clearance is not provided on the push side. *Id.*

He also alleges that there may be further architectural barriers that he likely would have encountered had they been accessible. *Id.* at 8. Van Winkle alleges that the removal of the barriers is easy to accomplish and would be able to be carried out without much difficulty or expense. *Id.* at 3. He alleges that he plans on availing himself of the benefits of the Subject Premises's public accommodations once they are made compliant with the ADA. *Id.* at 4.

On June 29, 2017, Van Winkle filed a complaint alleging violations of the ADA (42 U.S.C. §§ 12101–12103, 12181–12205(a)) and the ADAAG (28 CFR § 36) against Fishtales.[1] Dkt. 24 at 1. On February 1, 2018, Fishtales was properly served. Dkt. 17. Scott Harpring, the owner of Fishtales, responded to the complaint by letter to Van Winkle. *Id.* at 8. Harpring did not represent himself to be a licensed attorney. *Id.* On March 13, 2018, Van Winkle's counsel, William T. Leveille II, sent a letter via certified mail to Harpring acknowledging receipt of his letter and giving notice of an intent to inspect the Subject Premises. *Id.* at 10. On March 28, 2018, Leveille sent another letter giving notice that Leveille would be inspecting the Subject Premises on April 10, 2018. Dkt. 24 at 2, 17. On April 3, 2018, Leveille sent a letter to Fishtales to remind the parties of the inspection. *Id.* at 2, 20. Leveille enclosed the court's scheduling order and right of entry upon land within the letter. *Id.* at 2, 21. Fishtales did not respond to any of the letters or notices. *Id.* at 2–3.

---

[1]Van Winkle also asserts claims against defendant JSPC, LLC that are not at issue in the instant motion.

On April 10, 2018, Van Winkle's expert witnesses, Charles Childers and Pablo Baez, conducted an inspection of the Subject Premises with Harpring present. Dkts. 19 at 1–2, 24 at 3. Van Winkle alleges that Harpring acknowledged receipt of the letters from Leveille and intentionally ignored them.[2]  *Id.*  He also alleges that Fishtales still has not filed a responsive pleading or hired representation.  *Id.*

On June 12, 2018, Van Winkle filed the instant motion for default judgment against Fishtales.  Dkt. 24.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Under Rule 55(b)(2), a party may apply for the court to enter a default judgment, and the "court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  Fed. R. Civ. P. 55(b)(2).

A default judgment is a "drastic remedy, not favored by the Federal Rules[,] and resorted to by courts only in extreme situations."  *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).  "The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver."  *Id.*  A default judgment, thus, "must be 'supported by well-pleaded

---

[2]Van Winkle's motion cites Exhibit "E."  However, Exhibit "E" is not attached.

allegations' and must have 'a sufficient basis in the pleadings.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The well-pleaded allegations in the complaint are assumed to be true, except regarding damages. *Nishimatsu*, 515 F.2d at 1206; *see also United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.

A court may not enter a default judgment against a minor or an incompetent person unless the person is represented by a general guardian, conservator, or other like fiduciary who has appeared. Fed. R. Civ. P. 55(b). Additionally, a court may not enter a default judgment if the plaintiff does not file an affidavit regarding the defendant's military status. 50 App. U.S.C. § 521(1). If the defendant is in the military service, "the court may not enter a judgment until after the court appoints an attorney to represent the defendant." *Id.* § 521(2). A corporate entity is not a service member under the statute. *Davis v. City of Phila.*, 821 F.3d 484, 488 (3d Cir. 2016). Local Rule 5.5 requires that motions for default judgment "be served on the defendant-respondent by certified mail (return receipt requested)." S.D. Tex. L.R. 5.5.

## III. ANALYSIS

Default judgment is warranted if: (1) Fishtales failed to answer or otherwise defend against the complaint; and (2) there is sufficient facts in his pleading. The court will consider each issue in turn.

## A. Failure to Answer

The Fifth Circuit has held that corporations are fictional legal persons who can only be represented by licensed counsel. *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam); *Sw. Express Co. v. Interstate Com. Comm'n*, 670 F.2d 53, 54–56

(5th Cir. 1982); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1982). Courts in the Fifth Circuit have held the term "corporation" includes limited liability companies. *See TGP Franchising, LLC v. Schooley Media Ventures*, No. SA-16-CA-546-FB, 2016 U.S. Dist. LEXIS 186524, at *11 (W.D. Tex. Oct. 4, 2016) (noting that a corporation, including an LLC, may appear in court only through a licensed attorney who is admitted to practice in court or is granted leave to proceed pro hac vice).

Fishtales's only response was the letter Harpring sent to Van Winkle. Dkt. 24 at 8. Because there was never a response to the complaint by a licensed attorney representing Fishtales, it has failed to answer or otherwise defend against this lawsuit. *See Freilich v. Green Energy Res., Inc.*, 297 F.R.D. 277, 280 (W.D. Tex. 2014) (granting default judgment against a pro se corporation after striking its answer from a non-attorney representative). Given Fishtales's failure to answer the complaint in a timely manner, the court may enter default against it, accept all well-pleaded facts in Van Winkle's complaint as true, and award the relief sought by Van Winkle. *See Nishimatsu*, 515 F.2d at 1206.

## B.    Well-Pleaded Facts

The court must determine whether Van Winkle alleged sufficient facts to support a claim under the ADA. Title III of the ADA states:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

The ADA defines disability, with respect to an individual, as "a physical or mental impairment that substantially limits one or more major life activities." *Id.* § 12108. It also

specifically lists restaurants as a public accommodation. *Id*. § 12181(7)(A). Prohibited discrimination includes denying the plaintiff participation "in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." *Id*. § 12182(b)(1)(A)(i); 28 C.F.R.§ 36.202(a). Specific prohibited discrimination includes a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

Readily achievable is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9). Congress provided factors to be considered in determining whether an action is "readily achievable." Those factors include:

> (A) the nature and cost of the action needed under the [ADA];
>
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
>
> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
>
> (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

*Id*.

The Fifth Circuit previously addressed the burden of proof under a Title III reasonable modification claim and held that a plaintiff bears the initial burden of proving that a modification was requested and that the requested modification was reasonable. *Johnson v. Gambrinus Co./Spoetzl Brewery*, 116 F.3d 1052, 1059 (5th Cir. 1997). The plaintiff meets this burden by introducing evidence that the requested modification is reasonable in the general sense, that is, reasonable in the run of cases. *Id*.

In *Burrell v. Twin Goose, LLC*, the court denied a default judgment because the plaintiff did not establish an ADA violation. No. 3:16-CV-1079-L, 2017 U.S. Dist. LEXIS 156669, at *3 (N.D. Tex. Sept. 25, 2017). The court held that the plaintiff's allegations regarding the architectural barriers, requested modifications, reasonableness of the requested modifications, and whether the requested modifications were readily achievable were entirely conclusory and lacking in factual detail. *Id*. at 6. Thus, the plaintiff did not satisfy *Johnson*. *See Johnson*, 116 F.3d at 1059.

Here, Van Winkle alleges that he is disabled; that Fishtales is the owner, lessee, or operator of the restaurant known as Fish Tales; and that it discriminated against him on the basis of his disability due to architectural barriers that were not in compliance with the ADA. Dkt. 1 at 2–3, 5–7. However, just like in *Burrell*, Van Winkle's allegations regarding whether the requested modifications are readily achievable are completely conclusory and non-factual. *See id*. at 3. His expert witnesses conducted an inspection of the Subject Premises on April 10, 2018, but Van Winkle did not include any of his expert's findings in his motion for default judgment. Dkt. 24 at 3.

The court must accept all of the plaintiff's allegations as true. *Nishimatsu*, 515 F.2d at 1206. Even so, the court finds that Van Winkle has not pled sufficient facts to state a claim because he fails to meet his limited burden under *Johnson*. Dkt. 24 at 3. Thus, Van Winkle's motion for default judgment is DENIED.

## IV. CONCLUSION

Accepting all of Van Winkle's well-pleaded facts as true, Van Winkle has not pled sufficient facts entitling him to default judgment. Thus, the motion for default judgment (Dkt. 24) is DENIED without prejudice. Van Winkle may file an amended motion for default judgment curing the deficiencies set forth in this order. The amended motion, if any, must be filed within fourteen days of the date of this order.

Signed at Houston, Texas on August 8, 2018.

_____
Gray H. Miller
United States District Judge